IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW L. CHIPEGO<br>508 Bear Run Lane<br>Noxen, PA 18636<br><br>DOUGLAS BEACHEL<br>1912 Continental Boulevard<br>Danville, PA 17821<br><br>CONSTANCE C. CHURCHILL<br>607 D Larkin Road<br>Derby, NY 14047<br><br>JOSEPH W. EWING<br>668 Northampton Street<br>Buffalo, NY 14211<br><br>        Plaintiffs,<br><br>    v.<br><br>FINANCIAL INSTITUTIONS, INC.<br>220 Liberty Street<br>Warsaw, NY 14569<br><br>FIVE STAR BANK<br>55 N. Main Street<br>Warsaw, NY 14569<br><br>        Defendants. | CIVIL ACTION NO.<br><br>_____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendants, Five Star Bank (the "Bank") and Financial Institutions, Inc. ("FII"), by and through their counsel, McShea Law Firm, P.C. and Harter Secrest & Emery LLP, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, file this Notice of Removal of an action pending in the

Pennsylvania Court of Common Pleas, Philadelphia County (hereinafter, "State Court"), and in support therefore, state as follows:

1. The Bank and FII are named defendants in an action entitled *Chipego, et al. v. Five Star Bank, et ano.*, pending in State Court.

2. In December of 2016, Plaintiff Matthew Chipego filed an action against the Bank in the United States District Court for the Middle District of Pennsylvania (the "Prior Action"). In January of 2017, the Plaintiffs filed an Amended Complaint in the Prior Action that was substantively identical to the Complaint filed here. In the Prior Action, Plaintiffs asserted that the district court's basis for jurisdiction was the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

3. The United States District Court for the Middle District of Pennsylvania dismissed the Prior Action on April 19, 2017 after Plaintiffs failed to timely move for class certification. Now, Plaintiffs seek to circumvent the district court's dismissal by filing a nearly identical action in state court. The Amended Complaint and dismissal orders from the Prior Action are attached hereto as **Exhibit A**.

4. The Bank and FII accepted service of the State Court complaint on May 24, 2017. True and accurate copies of the Civil Cover Sheet, Notice, and Complaint are attached hereto as **Exhibit B**.

5. Upon information and belief, the foregoing papers are the only process, pleadings, or orders in the State Court action served upon the Bank and FII.

6. Upon information and belief, Plaintiffs Chipego and Beachel are citizens of Pennsylvania, and Plaintiffs Churchill and Ewing are citizens of New York.

7. FII is a corporation organized under the laws of the State of New York with its principal office in Warsaw, New York.

8. The Bank, which is FII's wholly-owned banking subsidiary, is also organized under the laws of the State of New York and headquartered in Warsaw, New York.

9. The State Court action is removable pursuant to CAFA because: (1) Plaintiffs allege that the number of members of all proposed classes is more than 100; (2) a "member of [the] class of plaintiffs is a citizen of a state different from any defendant"; and (3) Plaintiffs assert that the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2) & (5)(B).

10. The first requirement—numerosity—is met because the Complaint asserts two plaintiff classes and alleges that "[e]ach class numbers at least in the hundreds." Exhibit B at ¶ 61.

11. The second requirement—diversity—is also fulfilled, as two Plaintiffs are citizens of Pennsylvania and both Defendants are citizens of New York.

12. As to the third and final requirement, Plaintiffs have asserted that the amount in controversy for their claims exceeds $5,000,000, exclusive of interest and costs. In the Prior Action—which involved identical named parties (with the exception of FII, with which Plaintiffs have no contractual privity), proposed class members, and substantive allegations— Plaintiffs represented to the United States District Court for the Middle District of Pennsylvania that the amount in controversy exceeded $5,000,000 when Plaintiffs stated in their Complaint that the district court had "jurisdiction pursuant to the Class Action Fairness Act of 2005." Exhibit A at ¶ 4. CAFA gives district courts original jurisdiction of class actions only where the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

13. "[A] plaintiff cannot defeat federal jurisdiction . . . by filing a second complaint based on the same accident in another forum." *Bailey v. J.B. Hunt Transp., Inc.*, 2007 U.S. Dist. LEXIS 16941, at *23 (E.D. Pa. March 8, 2007) (considering a prior complaint filed in federal court when determining amount in controversy for purposes of removal). Where a plaintiff "has filed two complaints, the Court is compelled to attach particular import to the complaint that [the plaintiff] filed first" when determining the amount in controversy. *Id.*

14. Since CAFA applied in the Prior Action, it still applies to the substantively identical State Court complaint.

15. In accordance with 28 U.S.C. § 1446(b), Defendants filed this Notice of Removal within thirty days of Plaintiffs' service of the State Court complaint.

16. Defendants desire to remove the State Court action to this Court and submit this Notice of Removal, together with the attached exhibits, in accordance with 28 U.S.C. §§ 1331, 1441, and 1446.

17. Written notice of the filing of this Notice of Removal will be given to Plaintiffs, and a copy will be filed with the Prothonotary of the State Court, as provided in 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Five Star Bank and Financial Institutions, Inc., pray that the above-described action pending against them in State Court be removed to this Court.

Dated:   June 22, 2017

Respectfully submitted,

*/s/ John P. McShea*
John P. McShea
McShea Law Firm, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA  19102
Telephone: 215-599-0800
Email: jmcshea@mcshealawfirm.com

*Of counsel*:
Jerauld E. Brydges, Esq.
Harter Secrest & Emery LLP
1600 Bausch and Lomb Place
Rochester, NY 14604-2711
Telephone: 585.232.6500
Email: jbrydges@hselaw.com

*Attorneys for Defendants, Five Star Bank & Financial Institutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June 2017, a true and correct copy of the foregoing Notice of Removal and exhibits were served by first-class mail upon the following:

Cary L. Flitter, Esq.
Andrew M. Milz, Esq.
Flitter Milz, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072

Carlo Sabatini, Esq.
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512

John P. McShea